UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PETER JOSEPH NAGY,
ELMY IVAN ALONSO,

       Plaintiffs,

v.

AVENTURA WORLDWIDE TRANSPORTATION
SERVICE, INC,, AVENTURA LIMOUSINE &
TRANSPORTATION SERVICE, INC.,
SCOTT TINKLER, NICHOLAS M. SORCI,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, PETER JOSEPH NAGY and ELMY IVAN ALONSO, bring this action against Defendants, AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC,, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., SCOTT TINKLER, and NICHOLAS M. SORCI, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs PETER JOSEPH NAGY and ELMY IVAN ALONSO were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communication with customers in New York, Massachussetts, Maryland, and Georgia.

4. At all times material hereto, Defendant, AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC,, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of limousine transportation, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of limousine transportation, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, SCOTT TINKLER, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., and SRT WORLDWIDE LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., and the entity SRT Worldwide LLC. Accordingly, SCOTT TINKLER was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7. Defendant, NICHOLAS M. SORCI, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., and SRT Worldwide

LLC, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC, AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., and the entity SRT Worldwide LLC. Accordingly, NICHOLAS M. SORCI was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8. At all times material hereto, Defendants, AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC, and AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., and SRT WORLDWIDE LLC, were a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

9. Defendants, AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC, and AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC., and the entity SRT Worldwide LLC, were joint employers of Plaintiffs, under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

10. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

11. Plaintiff PETER JOSEPH NAGY worked for Defendants as a chauffeur.

12. Plaintiff ELMY IVAN ALONSO worked for Defendants as a chauffeur.

13. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for hours worked over 40 each week.

14. Defendants failed to pay Plaintiffs' full and proper tips/gratuities.

15. Defendants failed to pay Plaintiff ELMY IVAN ALONSO's full and proper minimum wages for certain hours worked during his employment.

16. Attached as <u>Exhibit A</u> and <u>Exhibit B</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

17. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

18. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

19. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

20. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-19 above as if set forth herein in full.

21. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) unpaid time-and-a-half overtime pay, (iii) unpaid tips, and (iv) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

22. Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:　(786) 358-6071
Email: ekoz@kozlawfirm.com

*Elliot A. Kozolchyk*

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791